# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN TINSLEY d/b/a** | § | |
| **Motorcars of South Texas and** | § | |
| **H.M.  JR. AUTO SALES, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **WHITNEY NATIONAL BANK, N.A.,** | § | **SA-06-CV-0698 FB (NN)** |
| **KARR PLEX, LTD., and** | § | |
| **KEN SHERECK,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING DEFENDANT'S MOTIONS TO DISMISS

**TO:   Hon. Fred Biery**
**United States District Judge**

This memorandum and recommendation addresses the motion to dismiss filed by

defendant Whitney National Bank (the Bank).[1]  Through its motion, the Bank seeks dismissal of

claims brought by plaintiff John Tinsley d/b/a Motorcars of South Texas and H.M. Jr. Auto

Sales, Ltd. (collectively, Tinsley).  I have jurisdiction to enter this memorandum and

recommendation under 28 U.S.C. § 636(b) and the District Court's order referring all pretrial

matters to me for disposition by order or to aid the District Court by recommendation where my

authority as a Magistrate Judge is statutorily constrained.[2]  After considering the motion and the

pleadings in this case, I recommend denial of the motion.

---

[1]Docket entry # 13.

[2]Docket entry # 27.

**Jurisdiction**

The District Court has jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because it involves a controversy between citizens of different states—Texas and Louisiana—and the amount in controversy exceeds $75,000.00.

**Tinsley's Claims**

Tinsley is in the business of buying and selling used automobiles in San Antonio, Texas. Tinsley alleges that he sold ten automobiles to Louisiana car dealers, defendants Karr Plex and Ken Shereck (together, Karr Plex), for $213,327.50. Karr Plex transported the automobiles to Louisiana and sold them. Tinsley alleges that Karr Plex paid him with ten checks drawn on the Bank, but that the Bank dishonored the checks based on a stop payment order by Karr Plex.

Tinsley alleges that Karr Plex sold the automobiles intending to avoid paying for them. Tinsley alleges that the Bank wrongfully retained the checks and failed to pay or return them for an inordinate amount of time, violating a Louisiana statute. Tinsley explains that as a result of the non-payments, the line of credit for his inventory is accruing interest at 18% per annum.

As causes of action against the Bank, Tinsley alleges that the Bank is liable under section 10:4-302 of the Louisiana Revised Statutes (Louisiana section 4-302) for the amount of the checks, plus consequential damages; that a Bank employee conspired with Karr Plex to commit fraud and theft of the ten automobiles; and that the Bank was negligent by holding the checks beyond the midnight payment/return deadline set out in Louisiana section 4-302. The Bank has moved to dismiss Tinsley's claims on grounds that Louisiana section 4-302 does not apply to Karr Plex's checks.

**Standards for a Motion to Dismiss**

A defendant in a civil action may move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief may be granted."[3]  To prevail in a Rule 12(b)(6) motion, the movant must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."[4]  In determining whether the movant has met this burden, "the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."[5]  "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]

In considering a motion to dismiss, the district court must not ordinarily go outside the pleadings.[7]  The district court, however, may consider documents that the defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim.[8] This principle is critical to the District Court's consideration of the Bank's motion to dismiss because the Bank has attached documents to its motion that the Bank maintains are referred to in Tinsley's complaint and are central to Tinsley's claims.

---

[3]FED. R. CIV. P. 12(b)(6).

[4]*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[5]*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[6]*Eason v. Holt*, 73 F.3d 600, 601 (5th Cir. 1996).

[7]*See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[8]*See Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285,  288 ( 5th Cir. 2004).

3

### The Bank's Louisiana Section 4-302 Argument

The Bank asks the District Court to dismiss Tinsley's claim under Louisiana section 4-302 on grounds that the provision does not apply to Karr Plex's checks. The Bank argues that the provision applies to demand items and Karr Plex's checks are collection items forwarded by the depositary bank for collection outside the normal banking channels. Thus, the Bank maintains that it is not liable for the checks under Louisiana section 4-302.

Louisiana section 4-302 is set out below:

(a) If an item is presented to and received by a payor bank, the bank is accountable for the amount of:

(1) a *demand* item, other than a documentary draft, whether properly payable or not, if the bank, in any case in which it is not also the depositary bank, retains the item *beyond midnight of the banking day of receipt* without settling for it or, whether or not it is also the depositary bank, does not pay or return the item or send notice of dishonor until after its midnight deadline; or

(2) any other properly payable item unless, within the time allowed for acceptance or payment of that item, the bank either accepts or pays the item or returns it and accompanying documents.[9]

This provision establishes a midnight deadline for either paying a check or returning it. On its face, this provision applies to a demand item. The Bank argues that the provision does not apply to Karr Plex's checks because Tinsley's bank—Security State Bank—presented the checks to the Bank as collection items rather than demand items. The Bank attached several documents to its motion to dismiss to show that Karr Plex's checks were collection items.

---

[9]LA. REV. ST. § 10:4-302 (emphasis added).

First, the Bank attached copies of the front and back of nine Karr Plex's checks.  Each check is specifically referenced in Tinsley's complaint.  The checks are clearly central to Tinsley's claims because he seeks payment of the checks and consequential damages resulting from nonpayment of the checks.  The District Court can properly consider the checks in considering the Bank's motion to dismiss because Tinsley specifically referred to the checks in his complaint, the Bank attached copies of the checks to its motion to dismiss, and the checks are central to Tinsley's claims.  The copies of the checks, however, do not show that they were presented as collection items versus demand items.

Second, the Bank attached copies of nine documents captioned, "RECALL TRACER." The documents are addressed to the Bank and read "PLEASE ADVISE STATUS OF ITEM DESCRIBED ABOVE. . . . RETURN AT ONCE UNPAID NOTES, CHECKS, AND CLEAN SIGHT DRAFTS GIVING REASON,"  with special instructions to "please remit cashier's check payable at Security State Bank."  The Bank characterizes these documents as inquiries about the status of Karr Plex's checks.[10]  Although arguably the documents are central to Tinsley's claims because they show that Security State Bank inquired about the status of the checks when they were not paid, Tinsley did not refer to the documents in his complaint.  Consequently, the District Court cannot properly consider the recall tracers.

Third, the Bank attached copies of nine documents captioned, "COLLECTION."  The documents are addressed to the Bank and read "WE ENCLOSE FOR COLLECTION AND RETURNS,"  with special instructions to "please remit cashier's check payable at Security State Bank."  Those documents are stamped, "RETURNED UNPAID . . . PMT STOP."  The Bank

---

[10]*See* docket entry # 3, p. 3.

characterizes these documents as collection letters that purportedly show that Karr Plex's checks are collection items rather than demand items. These documents appear to support the Bank's argument that Louisiana section 4-302 does not apply to Karr Plex's checks, but Tinsley did not refer to the documents in his complaint. In addition, the documents are not central to Tinsley's claims—Tinsely alleges that the checks were presented as demand items. Instead, the documents are central to the Bank's defense—that the checks were presented as collection items. Although the Bank maintains that the District Court may consider the documents because "they are referenced in Plaintiffs' complaint at paragraphs 4(d), (f) & (g), and are central to Plaintiffs' claims,"[11] Tinsley's complaint refers to Karr Plex's stop payment order and the Bank's "notice of dishonor," but not the collection letters. The District Court cannot properly consider the documents because Tinsley's complaint does not refer to the documents and the documents are not central to Tinsley's claims.

Only the copies of Karr Plex's checks are properly before the District Court, but the checks do not show that they are collection items not subject to Louisiana section 4-302's midnight deadline. As a result, the Bank has not shown the Louisiana section 4-302 does not apply and the motion to dismiss should be denied. However, with proper evidentiary support, the Bank's argument may have merit.

Louisiana section 4-302 parallels section 4-302 of the Uniform Commercial Code (UCC). A banking treatise advises the following about a bank's liability for nonpayment under UCC section 4-302:

---

[11]*See* docket entry # 13, p. 3, n. 4.

> Revised Section 4-302(a)(1) specifically applies to a "demand item."  It does not apply to a "collection item" (that is distinctly different from a "demand item") which is an item that is sent to a bank at which the drawer maintains an account, other than for immediate payment, with specific collection instructions.  In this latter case, the bank is a collecting bank and therefore the midnight deadline does not apply to the actions of the collecting bank in handling the collection item.[12]

This principle is based on a Fifth Circuit opinion[13] making this distinction about a pre-revised UCC provision and a more recent Southern District of Florida decision relying on that distinction.[14]  Because this distinction indicates that UCC section 4-302 does not apply to collection items, whether Karr Plex's checks are collection items appears to be dispositive of Tinsley's claim because Louisiana section 4-302 parallels the UCC provision.  But whether the collection letters that the Bank presented would be enough to prove that Karr Plex's checks are collection items versus demand items is not clear.  Among the questions a banking treatise suggests that a court ask in determining whether an item is a collection item is: "Has the item been sent through the standard bank collecting system for checks, or was it handled as a special

---

[12]ANN GRAHAM, BRUCE A. HEITZ, KENNETH M. LAPINE, DENNIS LASSILA, BURTON V. MCCULLOUGH, PAUL S. PILECKI, ROBERT M. TAYLOR, & HAROLD WEISBLATT, BANKING LAW § 135.10, editor's note (published by Matthew Bender) *available on* Lexis.  *See* MICHIE ON BANKS & BANKING, ch. IX, § 167 ("The distinction between "demand" and "collection" items is this: a demand item is presented for immediate payment, while a collection item is one which is delivered to a bank with the understanding that the bank will pay upon the item if and when sufficient funds are deposited in the drawer's account to cover the check. The midnight deadline rule is, therefore, entirely inconsistent with the collection process under which a bank accepts a check with the understanding that it is to be held until sufficient funds come into drawer's account allowing for the payment of the check. *SCADIF, S.A. v. First Union Nat'l Bank*, 208 F. Supp. 2d 1352 (S.D. Fla. 2002)."), *available on* Lexis.

[13]*See Bank of Miami v. Banco Industrial Y Ganadero Del Beni, S.A.*, 515 So. 2d 1038, 1040 (3d Cir. 1987).

[14]*See SCADIF, S.A. v. First Union Nat'l Bank*, 208 F. Supp. 2d 1352, 1367 (S. D. Fla. 2002).

item outside normal clearing channels?"[15]  The Bank stated in its motion that Karr Plex's checks were handled outside the normal banking channels,[16] but the collection letters do not seem to indicate whether they were sent through the standard bank collecting system for checks, or if they were handled as special items outside normal clearing channels.[17]  Consequently, the District Court would need additional evidence to make this determination.  As a result, a motion for summary judgment is the appropriate procedure to resolve the applicability of Louisiana section 4-302 to the Karr Plex checks.

Although this question can be resolved on summary judgment, no scheduling order has been issued in this case.  The absence of a scheduling order need not preclude discovery on this issue.  If the parties need discovery on the question of whether Karr Plex's checks are collection items, they need only ask for leave to proceed.

### The Bank's Argument about the Conspiracy Claim

The Bank seeks dismissal of Tinsley's conspiracy claim on grounds that the alleged conspiracy is based on the Bank's failure to pay or return the checks by the midnight deadline in Louisiana section 4-302.  Although Tinsley's conspiracy claim is based on the Bank's failure to pay or return the checks by the midnight deadline in Louisiana section 4-302,[18] the Bank has not

---

[15]BARKLEY CLARK AND BARBARA CLARK, THE LAW OF BANK DEPOSITS, COLLECTIONS & CREDIT CARDS ¶ 6.02[2][K], *available on* Westlaw.

[16]*See* docket entry # 13, p. 2.

[17]BARKLEY CLARK AND BARBARA CLARK, THE LAW OF BANK DEPOSITS, COLLECTIONS & CREDIT CARDS ¶ 6.02[2][K], *available on* Westlaw.

[18]*See* docket entry # 1, ¶ 5di ("Ken Shereck, Karr Plex, Ltd, and an employee of the Whitney National Bank inducted to participate, each agreed and performed some act in furtherance of a conspiracy to commit fraud and theft of 10 vehicles from Petitioners by holding checks beyond the

shown that the midnight deadline did not apply.  Thus, the Bank is not entitled to dismissal of Tinsley's conspiracy claim on this basis.

The Bank also seeks dismissal of Tinsley's conspiracy on grounds that Tinsley has failed to plead with sufficient specificity or particularity.  "To establish a claim for civil conspiracy in Texas, a plaintiff must show: (1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more unlawful, overt acts; and (5) proximate damages."[19]  To survive a motion to dismiss for failure to state a claim, Tinsley's complaint must include allegations that address these requirements.  Tinsley's complaint satisfies the first requirement—two or more persons—because it alleges an agreement between Shereck, Karr Plex and a Bank employee.  The complaint satisfies the second requirement—an objective to be accomplished—because it alleges that Shereck, Karr Plex and a Bank employee agreed to perform "some act in furtherance of a conspiracy to commit fraud and theft of 10 vehicles from Petitioners by holding checks beyond the time for payment or return of same, in order to give Karr Plex, Ltd. and Ken Shereck an opportunity to sell the vehicles and convert same to cash before notice could be given to petitioners of the dishonor of the checks."  The complaint satisfies the third requirement—a meeting of the minds on the objective—because it alleges that Shereck, Karr Plex and a Bank employee agreed.  The complaint satisfies the fourth requirement—one or more unlawful, overt acts—because it alleges that Shereck, Karr Plex and a

───────────────

time for payment or return of same, in order to give Karr Plex, Ltd. and Ken Shereck an opportunity to sell the vehicles and convert same to cash before notice could be given to petitioners of the dishonor of the checks.  Holding the checks beyond the time for settlement is an act that would forseeably accommodate theft by check and in fact did just that in this instance.").

[19]*Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 530 (5th Cir. 2004).

Bank employee performed some act in furtherance of a conspiracy to commit fraud and theft and to convert the 10 vehicles to cash.  The complaint satisfies the fifth requirement—proximate damages—because Tinsley alleges damages in the form of the value of the checks and accrual of interest on his revolving line of credit for his inventory.  Although Tinsley did not identify the specific Bank employee, he need not do so before he has had the opportunity for discovery.  Tinsley has pleaded with sufficient particularity to survive a motion to dismiss; therefore, the Bank is not entitled to dismissal on this basis.

### The Bank's Argument about Tinsley's Negligence Claim

The Bank also argues that Tinsley has failed to state a claim for negligence because that claim is based on an alleged breach of the duty to pay or return Karr Plex's checks by Louisiana section 4-302 midnight deadline.   The Bank has not yet shown that the midnight deadline did not apply to Karr Plex's checks.  Thus, the Bank is not entitled to dismissal of Tinsley's negligence claim on this basis.  Even if the Bank is correct about its claim regarding Louisiana section 4-302, Tinsley has not specifically stated the legal authority for his claim.  Tinsley may seek liability under Louisiana section 4-202 which requires banks to exercise ordinary care and provides for a longer reasonable time in which to return the checks—a matter Tinsley can clarify by an amended complaint.

### Recommendation

The Bank has not shown that Louisiana section 4-302 does not apply to Karr Plex's checks; and therefore, the Bank is not entitled to dismissal of Tinsley's claim that the Bank is liable for the value of the checks, plus 18 % interest, because the Bank failed to pay or return the checks by the midnight deadline.  The Bank's argument for dismissal of Tinsley's conspiracy and

10

negligence claims fail for the same reason.  Tinsley has pleaded with sufficient particularity to state a claim for negligence, and therefore, the Bank is not entitled to dismissal of Tinsley's negligence claim.  Consequently, I recommend that the District Court DENY the Bank's motion to dismiss (docket entry # 13).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[20]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[21]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved

---

[20]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[21]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[22]

      **SIGNED** on March 27, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[22]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

12