UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN TINSLEY d/b/a<br>Motorcars of South Texas, and<br>H.M. JR. AUTO SALES, LTD.,<br><br>Plaintiff,<br>v.<br><br>WHITNEY NATIONAL BANK, N.A.,<br>KARR PLEX, LTD., and<br>KEN SHERECK,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>SA-06-CV-0698 FB (NN) |

**FINAL MEMORANDUM AND RECOMMENDATION**

**TO:**  Hon. Fred Biery
United States District Judge

This memorandum and recommendation addresses the last matter pending in this case—the claims against defendants Karr Plax and Ken Shereck. Previously, the clerk entered a clerk's default against Karr Plex and Shereck.[1] In my second memorandum and recommendation, I recommended summary judgment in favor of defendant Whitney National Bank.[2] I advised the district court that it could not enter a final judgment because the plaintiffs had not asked for a default judgment against Karr Plex and Shereck.[3] To resolve this remaining

---

[1] *See* docket entry # 44.

[2] Docket entry # 69.

[3] *See id*. at p. 12.

matter, I instructed Karr Plex and Shereck to file their Rule 55(b)(2) motion by April 25, 2008.[4]  I warned the plaintiffs that failing to file a motion may be construed as an abandonment of the claims against Karr Plex and Shereck and subject those claims to dismissal.[5]  The plaintiffs did not file a Rule 55(b)(2) motion.  Considered in light of my warning, failing to file a motion is reasonably construed to the abandonment of the claims.  Consequently, I recommend DISMISSAL of the claims against Karr Plex and Shereck under Rule 41(b)(b).[6]  If the district court accepts this recommendation, it may enter a final judgment in this case.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[7]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically

---

[4] Docket entry # 70.

[5] *See id.*

[6] *See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

[7] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[8]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[9]

    **SIGNED** on April 29, 2008.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[9] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).